IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROSS BUCK and DAWN BUCK,
Husband and Wife,

      Plaintiffs,

vs.                           CASE NO.: 1:05cv169-SPM

CITY OF CEDAR KEY, FLORIDA,

      Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFFS

This cause comes before the Court on the parties' cross motions for summary judgment (doc. 24 and 52). At issue is whether the City of Cedar Key, Florida ("City") violated Plaintiffs' substantive due process rights by denying without a rational basis Plaintiffs' request for a small scale amendment to the City's Comprehensive Land Use Plan. The parties agree that there are no material facts in dispute and that this case can be decided as a matter of law.

**1.      Background**

Plaintiffs Ross and Dawn Buck ("the Bucks") are owners of land located within the City. The allowable use of their land is governed by the Comprehensive Land Use Plan ("plan"), which the City adopted on January 23,

1990.  The plan includes a Future Land Use Map ("map") that was color coded by volunteer citizens of the City to show the various uses of land allowed by the plan.  According to Florida law, the map and the plan must be consistent with one another.  § 163.177(2), Fla. Stat.

The Bucks' land is color coded green on the map to designate its allowable use as conservation.  The Bucks contend that the map was colored in error and that areas of conservation should follow the marsh line.  The portion of their land that lies above the marsh line, the Bucks argue, should be designated for residential uses, consistent with the objectives of the plan and the treatment of adjacent properties.

In July 2005, the Bucks (along with former co-plaintiffs who had similar claims but have since settled) petitioned the City to grant a small scale development amendment to the City's plan to change the designation of their land from conservation to residential, pursuant to Florida Statutes, Section 163.3187(1)(c).  Testimony at the commission hearings supported the Bucks' position that the conservation designation under the plan was limited to land below the marsh line and that areas upland were appropriate for residential uses.

The City's building official, Robert Niffenegger, who is charged with administering and interpreting the plan for the City, testified that under the plan the marsh line delineates the conservation use areas from the residential use areas.  Others testified in agreement, including David Coffey, the city attorney;

Dr. Earl Starnes, a volunteer engineer on the City's planning board; Doris Hellerman, a member of the 40-member committee who prepared the plan; George Sandor, plan task force chief; and Leigh Kerr, the City's hired land planning consultant.  Planning consultant Kerr found no basis in the comprehensive plan, nor in the surrounding properties, for a conservation designation.  The City, moreover, had granted a similar amendment in the past for the Henry Brown Estates property.  Even the county property appraiser's office listed the Bucks' land as "residential vacant land" and appraised the value at $108,855, which is inconsistent with a conservation designation.

By a 3-2 vote of City commission members, the City denied the requested amendment.  The commission members who voted to deny the amendment relied on the accuracy of the map, which had been reviewed in the 1990s by various state agencies.  The commissioners also relied on their own observation of the land, which led them to believe that the land, even if it was above the marsh line, should be conserved.  Testimony presented at the commission hearings also expressed concern with unresolved violations of city and state law related to the apparent filling in of wetlands on the Bucks' property.

**2.     Analysis**

Substantive due process challenges to land use decisions are governed by a rational basis standard.  <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570 (11th Cir. 1996).  Under the standard, a land use restriction will be upheld unless

it is arbitrary and capricious, that is, without substantial relation to a legitimate public purpose. Kanter v. Martin County, 929 F.Supp. 1482 (S.D. Fla. 1996). The Court determines as a matter of law (1) whether a legitimate governmental purpose supports the land use decision and (2) whether a rational basis exists for the governmental body to believe that its decision serves that purpose. Haves v. City of Miami, 52 F.3d 918, 922-23 (11th Cir. 1995).

      In this case, according to the City, the map played the most important role in the City's decision to deny the Bucks' request for a small scale amendment. The City relied on the map despite the testimony of the building official, who is charged with administering and interpreting the plan, as well as experts and others involved in the planning process. These witnesses consistently stated that the map was not accurate because the marsh line delineates conservation and residential use areas as intended under the comprehensive plan. Aside from the map, nothing in the comprehensive plan supported the City's decision to maintain the conservation on the Bucks' property. Merely following the color coding on the map, without articulating an underlying basis for doing so, is not a legitimate governmental purpose.

      As a secondary reason for denying the Bucks' request for a small scale amendment, the City relies on the commissioners' conclusions after visiting the property that the conservation designation should be maintained. There is no explanation, however, of how the Bucks' property differs from surrounding

parcels so as to warrant the different treatment of the Bucks' property.  The only difference noted by the City is that the Bucks may have engaged in illegal filling of wetlands.  Any issue arising from that matter, however, relates to the location of the natural marsh line on the property and not whether the entire property should remain as a conservation area.  Expert testimony presented to the commission on this issue established that the marsh line on the Bucks' property was the mean high water mark.

The City's decision to deny the Bucks' request for a small scale amendment is not consistent with the City's comprehensive plan and is not rationally related to a legitimate governmental purpose.  The portion of the Bucks' property that lies above the mean high water mark should be designated for residential use, consistent with the objectives of the plan and the treatment of adjacent properties.  Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The City's motion for summary judgment (doc. 24) is denied.

2. The Bucks' cross motion for summary judgment (doc. 52) is granted.

DONE AND ORDERED this 4th day of December, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 1:05cv169-SPM